1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8
9
10

| | |
|---|---|
| SP-SPOKANE, WA-1-UT, LLC, | CASE NO. 2:25-cv-00773-LK |
| Plaintiff, | ORDER TO SHOW CAUSE |
| v. | |
| LIBERTY MUTUAL FIRE INSURANCE CO., | |
| Defendant. | |

11
12
13
14
15
16

This matter comes before the Court sua sponte. Plaintiff SP-Spokane WA 1 UT LLC ("SP-Spokane") filed its complaint for damages and declaratory judgment in this Court on the basis of diversity jurisdiction. Dkt. No. 1 at 1–2 (citing 28 U.S.C. § 1332(a)(1)). However, the record does not show that complete diversity exists or that the amount in controversy requirement is met. For the reasons discussed below, the Court orders SP-Spokane to show cause why this case should not be dismissed for lack of subject matter jurisdiction.

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). This determination is an

17
18
19
20
21
22
23
24

1    "inflexible" threshold requirement that must be met "without exception, for jurisdiction is power

2    to declare the law, and without jurisdiction the court cannot proceed at all in any cause." *Ruhrgas*

3    *AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (cleaned up). As the party asserting jurisdiction,

4    State Farm has the burden of establishing it. *See United States v. Orr Water Ditch Co.*, 600 F.3d

5    1152, 1157 (9th Cir. 2010). "If the court determines at any time that it lacks subject-matter

6    jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

7    District courts have original jurisdiction when the amount in controversy exceeds $75,000

8    and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). Section 1332(a)(1)

9    requires complete diversity; that is, each plaintiff must be a citizen of a different state than each of

10   the defendants. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) ("[T]he

11   presence in the action of a single plaintiff from the same State as a single defendant deprives the

12   district court of original diversity jurisdiction over the entire action."). Whether the amount in

13   controversy exceeds $75,000 is generally "determined from the face of the pleadings," and courts

14   will defer to the amount "claimed by the plaintiff . . . so long as the claim is made in good faith."

15   *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000); *accord Geographic*

16   *Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010).

17   SP-Spokane states that Defendant Liberty Mutual Fire Insurance Company "is a foreign

18   insurer with its principal place of business in the State of Massachusetts and conducts business

19   within Washington and the Western District of Washington." Dkt. No. 1 at 1; *see also id.* at 2. But

20   a corporation is a citizen of not only the state where its principal place of business is located, but

21   also the state in which it is incorporated. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 85, 89 (2005).

22   SP-Spokane identifies itself as "a Utah limited liability company" with its "principal place of

23   business in the State of Texas[.]" *Id.* at 1–2; *see also* Dkt. No. 7 at 1. However, an LLC like SP-

24   Spokane "is a citizen of every state of which its owners/members are citizens." *Johnson v.*

1    *Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Neither the complaint nor the

2    remainder of the record identifies all members of the LLC or their citizenship. It is therefore

3    unclear whether the parties are truly diverse. *See Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446

4    F.2d 1187, 1190 (9th Cir. 1970) ("Failure to make proper and complete allegations of diversity

5    jurisdiction relegates a litigant to . . . jurisdictional purgatory[.]"); *see also, e.g.*, *Un Boon Kim v.*

6    *Shellpoint Partners, LLC*, No. 15-cv-611-LAB(BLM), 2016 WL 1241541, at *5 (S.D. Cal. Mar.

7    30, 2016) (finding that diversity was inadequately pled when the operative complaint made "the

8    conclusory allegation that '[Defendant] is a citizen of the state of Georgia.'").

9        The record also fails to demonstrate that the $75,000 threshold is satisfied. The complaint

10    does not identify any specific amount of damages, and instead states in conclusory fashion that

11    "the amount in controversy is more than Seventy-Five Thousand Dollars ($75,000), exclusive of

12    interest and costs." Dkt. No. 1 at 2; *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d

13    1089, 1090–91 (9th Cir. 2003) ("Conclusory allegations as to the amount in controversy are

14    insufficient."); *Crook v. Wyndham Destinations, Inc.*, 830 F. App'x 963, 964 (9th Cir. 2020).

15        Accordingly, within 14 days of the date of this Order, SP-Spokane is ORDERED to SHOW

16    CAUSE why this case should not be dismissed for lack of subject matter jurisdiction. Failure to

17    do so will result in dismissal. *See* Fed. R. Civ. P. 12(h)(3).

18        Dated this 15th day of May, 2025.

19

20    Lauren King
      United States District Judge

21

22

23

24

ORDER TO SHOW CAUSE - 3