UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SP-SPOKANE, WA-1-UT, LLC, <br><br> Plaintiff, <br><br> v. <br><br> LIBERTY MUTUAL FIRE INSURANCE CO., <br><br> Defendant. | CASE NO. 2:25-cv-00773-LK <br><br> ORDER OF DISMISSAL |

 This matter comes before the Court on its May 15, 2025 order to show cause, Dkt. No. 8, and the response from Plaintiff SP-Spokane WA 1 UT LLC ("SP-Spokane"), Dkt. No. 10. After reviewing that response and the balance of the record, the Court dismisses this matter without prejudice for lack of subject matter jurisdiction.

 Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). This determination is an "inflexible" threshold requirement that must be met "without exception, for jurisdiction is power to declare the law, and without jurisdiction the court cannot proceed at all in any cause." *Ruhrgas*

*AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (cleaned up). As the party asserting jurisdiction, SP-Spokane has the burden of establishing it. *See United States v. Orr Water Ditch Co.*, 600 F.3d 1152, 1157 (9th Cir. 2010). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

District courts have original jurisdiction when the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). Section 1332(a)(1) requires complete diversity; that is, each plaintiff must be a citizen of a different state than each of the defendants. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) ("[T]he presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action.").

SP-Spokane filed its complaint for damages and declaratory judgment in this Court on the basis of diversity jurisdiction. Dkt. No. 1 at 1–2 (citing 28 U.S.C. § 1332(a)(1)). Because the record did not show that complete diversity exists or that the amount in controversy requirement is met, the Court ordered SP-Spokane to show cause why this case should not be dismissed for lack of subject matter jurisdiction. Dkt. No. 8.

In its response to the order to show cause, SP-Spokane provided additional information to show that the amount in controversy requirement is met. Dkt. No. 10-1 at 2. However, it has failed—again—to show that the parties are diverse or to sufficiently allege SP-Spokane's citizenship. SP-Spokane is a limited liability corporation, which means it "is a citizen of every state of which its owners/members are citizens" for diversity purposes. *Johnson v. Columbia Properties Anchorage*, LP, 437 F.3d 894, 899 (9th Cir. 2006). SP-Spokane has two members: Embree Development Group, Inc. ("EDG") and ECM-JV-SP-Spokane, WA-1-UT, LLC. Dkt. No. 10-1 at 2. SP-Spokane avers that EDG "is a Texas Corporation, duly created under the laws of the State of Texas." *Id.* at 1. But a corporation is a citizen of not only the state where its principal place

of business is located, but also the state in which it is incorporated. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 85, 89 (2005). SP-Spokane does not state the location of EDG's principal place of business, so it has not sufficiently alleged its citizenship.

Nor has it sufficiently alleged the citizenship of its second member, ECM-JV-SP-Spokane. It states that that entity was "formed in Utah," Dkt. No. 10-1 at 2, but as an LLC, ECM-JV-SP-Spokane "is a citizen of every state of which its owners/members are citizens." *Johnson*, 437 F.3d at 899. SP-Spokane does not identify the members of ECM-JV-SP-Spokane or their citizenship. This is insufficient. Local Rule 7.1 requires a party to identify any member of the LLC and for any such member, "list those states in which the . . . members are citizens." *See* LCR 7.1(a)(1), (b); *see also* Fed. R. Civ. P. 7.1 & Advisory Committee notes to 2002 and 2022 amendments (requiring parties in a diversity action to "name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party," and noting that such information is crucial to "facilitate an early and accurate determination of jurisdiction"). SP-Spokane has therefore failed to show cause why this matter should not be dismissed for lack of subject matter jurisdiction, and the Court "must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Accordingly, the Court DISMISSES the complaint without prejudice for lack of subject matter jurisdiction. SP-Spokane may file an amended complaint within 14 days that remedies these deficiencies and sufficiently alleges the Court's subject matter jurisdiction. If it fails to do so, the Court will close this case.

Dated this 3rd day of June, 2025.

Lauren King
United States District Judge

ORDER OF DISMISSAL - 3